1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTURO FRANCO PALOMAR, JR.,          No.  2:14-cv-00025 DAD P

12                    Plaintiff,

13        v.                              ORDER

14   F. FOULK, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §

21   636(c).  (See ECF No. 4.)

22   **I.  In Forma Pauperis Application**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                        1

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5  1915(b)(2).

6  **II.  Screening Requirement**

7          The court is required to screen complaints brought by prisoners seeking relief against a

8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  However, in order to survive dismissal for failure to state a claim a complaint must contain more

24  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

26  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

28  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

2

1  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2  **III. Plaintiff's Complaint**

3       Plaintiff contends that on July 10, 2013, he received a prison rules violation report (CDC

4  115) for participating in a mass hunger strike.  Plaintiff disputes the validity of the rules violation

5  and contends that he was never given an order to "eat chow" and that the facility never attempted

6  to feed inmates during the period of time at issue.  (ECF No. 1 at 3.)  Following a hearing on the

7  rules violation, plaintiff was found guilty of the disciplinary offense and was assessed a ninety

8  days loss of time credit.  (Id. at 19.)  In this action plaintiff seeks relief in the form of the

9  restoration of his time credits and the issuance of a reprimanded to prison officials for their abuse

10  of authority.

11  **IV. Heck Bar**

12       A civil rights action is the proper mechanism for a prisoner seeking to challenge the

13  conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991).  In contrast,

14  habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact

15  or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, plaintiff is

16  seeking to overturn a prison disciplinary conviction, which resulted in his forfeiture of 90 days of

17  time credits.  Plaintiff's success in this action would necessarily call into question the validity of

18  his prison disciplinary proceeding and implicate the duration of his confinement.  Accordingly, a

19  writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after

20  exhausting all of his constitutional claims in state court.  See, e.g., Wilkinson v. Dotson, 544 U.S.

21  74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no

22  matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

23  (state conduct leading to conviction or internal prison proceedings) - if success in that action

24  would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in

25  original); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for

26  declaratory relief and money damages because successful challenge to procedures used in

27  disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v.

28  Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983

1    for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose

2    unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or

3    other basis for confinement has been reversed on direct appeal, expunged by executive order,

4    declared invalid by a state tribunal authorized to make such a determination, or called into

5    question by a federal court's issuance of a writ of habeas corpus).

6           Therefore, this civil rights action will be dismissed without prejudice.  Of course, plaintiff

7    may elect to file a federal habeas petition attacking his disciplinary conviction after he has

8    exhausted his constitutional claims by presenting them to the highest state court.

9    **V. Conclusion**

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's January 6, 2014 request for leave to proceed in forma pauperis (ECF No. 2)

12   is granted;

13          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

15   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16   Director of the California Department of Corrections and Rehabilitation filed concurrently

17   herewith; and

18          3.  This action is dismissed without prejudice as barred by <u>Heck v. Humphrey</u>, 512 U.S.

19   477, 486-87 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).

20   Dated:  June 3, 2014

21

22                                          _Dale A. Drozd_

23   DAD:4                           DALE A. DROZD
     palo25.fsc                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                        4